McBRIDE, Judge.
Plaintiff’s suit for $991.48 for property damage arising out of a collision between his automobile and defendant’s vehicle, which occurred on the evening of October 1, 19S7, at the intersection of Derbigny Street and the West Bank Expressway in Jefferson Parish, was dismissed and his appeal from the judgment is before us.
We have reviewed the evidence in the case and conclude the judgment is correct. Our appreciation of the facts is that plaintiff,- who was driving in a westerly direction on the Expressway, intended to make a left turn at Derbigny Street and cross the intersection. He executed the left turn upon reaching said street, but before continuing onward brought his car to a stop in the area of the neutral ground which separates the opposing traffic lanes on the Expressway. He claims he looked to his right and saw defendant’s automobile some 700 feet or 800 feet away in the eastbound lane coming toward him, and his statement is that he then proceeded to drive across the eastbound lane and his car was run into by defendant’s vehicle just as he was about to complete the crossing. The implication is that defendant was driving at terrific speed.
Plaintiff’s testimony is incongruous because it is perfectly obvious had he started forward while defendant’s car was from 700 to 800 feet away, he surely could have made the crossing with complete safety. But the truth of the matter is plaintiff did not start forward immediately after sighting the oncoming car, but remained in a stationary position long enough for defendant’s car to reach a point about 50 feet removed from the intersection.
Oblivious of the close proximity of defendant’s car, plaintiff, without having taken the precautionary measure of looking again, started forward directly into its path. That plaintiff remained stopped for an appreciable period clearly appears, as the testimony shows that a car proceeding in an easterly direction in the opposite lane slowed down at the intersection and its driver executed a left turn into the neutral ground area in which plaintiff was stopped and passed plaintiff’s car. Plaintiff also admits the presence of two other cars which were traveling behind the car that made this left turn, and he says he waited for these two cars to negotiate the intersection before driving forward. Defendant’s car, being driven at a speed of 55 miles per hour, which rate is not shown to be in ex *627 cess of any speed regulation, had time to traverse nearly all of the 700 or 800 feet during the interval plaintiff was stopped awaiting the clearance of the other traffic. We perceive no negligence in defendant as he was not afforded time or opportunity to avoid a collision by the sudden emergence of plaintiff’s car into his pathway.
The judgment appealed from is affirmed.
REGAN, J., takes no part.
Affirmed.